James E. Cecchi
Lindsey H. Taylor
Donald A. Ecklund
**CARELLA, BYRNE, CECCHI,**
**OLSTEIN, BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, New Jersey 07068
Telephone: (973) 994-1700

*Liaison Counsel for Lead Plaintiff Movant*
*John S. Wait and Proposed Liaison Counsel*
*for the Class*

Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150

*Counsel for Lead Plaintiff Movant John S.*
*Wait and Proposed Lead Counsel for the*
*Class*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CRAIG J. HOLLAND, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>9F INC., LEI SUN, YANJUN LIN, YIFAN REN, CHANGXING XIAO, FLYNN XUXIAN HUANG, IVAN XU, JUNSHENG ZHANG, WING HON CHEUNG, FANGXIONG GONG, DAVID CUI, LEI LIU, SIU FUNG MING, CREDIT SUISSE SECURITIES (USA) LLC, HAITONG INTERNATIONAL SECURITIES COMPANY LIMITED, CLSA LIMITED, CHINA INVESTMENT SECURITIES INTERNATIONAL BROKERAGE LIMITED, 9F PRIMASIA SECURITIES LIMITED, and COGENCY GLOBAL INC.,<br><br>Defendants. | Case No. 2:21-cv-00948-MCA-MAH<br><br>**LEAD PLAINTIFF MOVNT JOHN S. WAIT'S MEMORANDUM OF LAW IN OPPOSITION TO THE COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL** |

Lead Plaintiff Movant John S. Wait ("Wait") respectfully submits this memorandum of law in opposition to the two competing motions for appointment of lead plaintiff and approval of lead counsel filed by other purported investors in this action (Dkt. Nos. 10, 11).

## I.    INTRODUCTION

Three movants filed competing motions for appointment as lead plaintiff and approval of lead counsel pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). *See* Dkt. Nos. 9-11. The motions were filed by Wait (Dkt. No. 9); Craig J. Holland ("Holland," Dkt. No. 10); and Yingjun Liao ("Liao," Dkt. No. 11).[1]

The question presently before the Court is which of these movants is the "most adequate plaintiff"—*i.e.*, the plaintiff "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i).[2] The PSLRA directs courts to appoint the most adequate plaintiff as lead plaintiff, and provides a presumption that the most adequate plaintiff is the movant who, *inter alia*, has the largest financial interest in the relief sought by the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only by a showing that the presumptively most adequate plaintiff is inadequate or subject to unique defenses. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). If the presumption is not rebutted, the presumptively most adequate plaintiff should be appointed as lead plaintiff.

Here, Wait has—by far—the largest financial interest in the relief sought by the class. Wait claims an Exchange Act loss of more than $10,000 and a Securities Act loss of just under $10,000

---

[1] Holland subsequently filed a notice informing the Court that he does not oppose Wait's motion. *See* Dkt. No. 12.

[2] This action alleges claims under both Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Section 11 of the Securities Act of 1933 ("Securities Act"). *See* Dkt. No. 1 ¶ 1. The lead plaintiff appointment provisions of both Acts are substantially identical. *Compare* 15 U.S.C. § 78u-4(a)(3), *with* 15 U.S.C. § 77z-1(a)(3).

in connection with his 9F investments. This is approximately ten times larger than the next largest loss of either movant under either Act. Moreover, neither Holland nor Liao have recoverable losses under the Exchange Act because Holland purchased his shares after the class period, and Liao failed to hold any of his shares through an alleged corrective disclosure. As such, Wait has the largest loss, and the only *bona fide* Exchange Act loss. Accordingly, Wait is the presumptively most adequate plaintiff. Since the presumption has not been rebutted—and Wait submits cannot be rebutted—Wait should be appointed as lead plaintiff and his selection of counsel should be approved.

## II.    ARGUMENT

### A.    The PSLRA Mandated Procedure for Appointing a Lead Plaintiff

The PSLRA mandates that the Court appoint "the most adequate plaintiff" to be lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA further provides a rebuttable presumption that the "most adequate plaintiff" is the movant that: (1) has either filed the complaint or made a motion in response to a notice; (2) in the determination of the Court, has the largest financial interest in the relief sought by the class; and (3) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001) ("In appointing a lead plaintiff, the court's first duty is to identify the movant that is presumptively entitled to that status.").[3]

Once the Court identifies the presumptively most adequate plaintiff, the presumption may be rebutted only "upon proof . . . that the presumptively most adequate plaintiff" (1) "will not fairly and adequately protect the interests of the class," or (2) "is subject to unique defenses that render

---

[3] All internal citations, quotation marks, and brackets are omitted throughout this memorandum unless otherwise noted.

such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). "If no class member succeeds in rebutting the presumption, then the district court should appoint the presumptive lead plaintiff as the lead plaintiff." *See Cendant*, 264 F.3d at 268.

### B.   Wait Is the Presumptively Most Adequate Plaintiff

Wait satisfies all three requirements to be the presumptively most adequate plaintiff. First, Wait filed a timely motion for appointment as lead plaintiff. *See* Dkt. No. 9. Second, Wait satisfies the requirements of Rule 23, as demonstrated in his memorandum of law in support of his lead plaintiff motion. *See* Dkt. No. 9-1. Finally, as explained *infra*, Wait has the largest financial interest in the relief sought by the class.

"The Third Circuit has concluded that the 'largest financial interest' means the largest loss." *See Roby v. Ocean Power Techs., Inc.*, 2015 WL 1334320, at *5 (D.N.J. Mar. 17, 2015) (citing *In re Cendant*, 264 F.3d at 223); *Montesano v. Eros Int'l PLC*, No. 19-cv-14125, 2020 WL 1873015, at *3 (D.N.J. Apr. 14, 2020) (same). This action alleges claims under both Section 10(b) of the Exchange Act and Section 11 of the Securities Act, and losses with respect to each are calculated differently. Regardless of which loss is considered, however, Wait claims a loss approximately ten times larger than the movant with the second largest loss:[4]

| Movant | Exchange Act Loss | Securities Act Loss |
|---|---|---|
| John S. Wait | $10,000.96 | $9,337.36 |
| Craig J. Holland | $0.00 | $1,043.25 |
| Yingjun Liao | $853.31 | $853.31 |

---

[4] These values are derived from the movants' purchase and sale information submitted with their lead plaintiff motions (Dkt. Nos. 9-2, 10-6, 11-3). Holland's Securities Act loss ($1,043.25) differs from the value he provided in his loss chart ($1,150.82) because he used a "lookback price" of $1.296 per share to calculate his loss on retained shares in his loss chart. *See* Dkt. No. 10-6. However, lookback prices are appropriate only when calculating an Exchange Act loss, not a Securities Act loss.

Notably, Holland does not have an Exchange Act loss because he purchased all his shares outside the class period. Holland began purchasing 9F shares on November 25, 2020 (*see* Dkt. No. 10-6), but the class period ends September 29, 2020. *See* Dkt. No. 1 ¶ 1.

Liao also arguably has no recoverable Exchange Act loss because he purchased and then sold all his shares before the end of the class period, without holding any shares through a corrective disclosure—*i.e.* he was "in-and-out." Liao purchased all his shares in July 2020, but sold them all by August 27, 2020. *See* Dkt. No. 11-3 at 11. The complaint in this action does not allege a corrective disclosure during that timeframe. Some courts have disqualified such movants on the basis that they may be unable to demonstrate that they have a loss attributable to the defendants' fraud. *See, e.g.*, *Bensley v. FalconStor Software, Inc.*, 277 F.R.D. 231, 241 (E.D.N.Y. 2011) ("[The movant] has failed to demonstrate that it will be an adequate lead plaintiff because it was a total in-and-out trader and may be unable to demonstrate loss causation.").

Even if the movants' losses were roughly equal (they are not), Wait has a larger financial interest as measured by the alternative tiebreaker metrics considered in this District. *See Roby*, 2015 WL 1334320, at *5 (citing *Cendant*, 264 F.3d at 262) ("[I]n cases that do not present a clear choice as to the largest financial interest, courts should also consider, *inter alia*, (1) the number of shares that the movant purchased during the putative class period; (2) the total net funds expended by the plaintiffs during the class period; and (3) the approximate losses suffered by the plaintiffs."). Wait purchased far more shares and expended far more funds during the class period than the competing movants:

| Movant | Shares Purchased | Net Funds Expended |
|---|---|---|
| John S. Wait | 28,141 | $10,822.98 |
| Craig J. Holland | 0 | $0.00 |
| Yingjun Liao | 968 | $853.31 |

Since Wait has the largest loss and is the only movant with a *bona fide* Exchange Act loss, Wait has the largest financial interest and is the only movant capable of representing Exchange Act class members. Since Wait also filed a timely motion and satisfies the requirements of Rule 23, Wait is the presumptively most adequate plaintiff.

**C.     No Movant Has Rebutted the Presumption that Wait Is the Most Adequate Plaintiff**

The lead plaintiff presumption may be rebutted only upon "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class," or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No movant has presented proof that Wait would be inadequate or subject to unique defenses. As such, Wait should be appointed as lead plaintiff, and no other movant is entitled to consideration. *See Cendant*, 264 F.3d at 268 ("If no class member succeeds in rebutting the presumption, then the district court should appoint the presumptive lead plaintiff as the lead plaintiff.").

**D.     Wait's Choice of Counsel Should Be Approved**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cendant*, 264 F.3d at 274. Here, Wait has selected Glancy Prongay & Murray LLP ("GPM") as lead counsel and Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C. ("Carella Byrne") as liaison counsel. The firms have the expertise, resources, and experience needed to efficiently and effectively conduct this litigation. *See* Dkt. No. 9-2 at 14-44 (GPM Firm Resume); *Sun v. Han*, No. 15-cv-703, 2015 WL 2364937, at *5 (D.N.J. May 14, 2015) (GPM and Carella Byrne have "extensive experience and substantial expertise in securities litigation"); *Montesano v. Eros Int'l PLC*, No. 19-cv-14125, 2020 WL 1873015, at *12 (D.N.J. Apr. 14, 2020) ("[B]oth firms have substantial experience litigating securities fraud class

5

actions."); *Stires v. Eco Sci. Sols., Inc.*, No. 17-cv-3707, 2018 WL 5817256, at *2 (D.N.J. Nov. 7, 2018) (finding that GPM and Carella Byrne have "considerable experience and expertise in securities litigation"). By approving Wait's selection of counsel, therefore, the Court may be assured that the class will receive the highest caliber of legal representation. Accordingly, Wait's selection of lead counsel for the class should be approved. !

## III.    CONCLUSION

For the foregoing reasons, Wait respectfully requests that the Court grant his Motion and enter an Order: (1) appointing Wait as lead plaintiff; (2) approving Wait's selection of Glancy Prongay & Murray LLP as lead counsel and Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C. as liaison counsel for the class; (3) denying the competing motions; and (4) granting such other relief as the Court may deem just and proper.

DATED: April 5, 2021                            Respectfully submitted,

                                                **CARELLA, BYRNE, CECCHI, OLSTEIN,
                                                BRODY & AGNELLO, P.C.**

                                                By:   *s/ Donald A. Ecklund*
                                                James E. Cecchi
                                                Lindsey H. Taylor
                                                Donald A. Ecklund
                                                5 Becker Farm Road
                                                Roseland, New Jersey 07068
                                                Telephone: (973) 994 -1700

                                                *Liaison Counsel for Movant and the Proposed
                                                Liaison Counsel for the Class*

**GLANCY PRONGAY & MURRAY LLP**
Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150

*Counsel for Movant and Proposed Lead Counsel
for the Class*

**LAW OFFICES OF HOWARD G. SMITH**
Howard G. Smith
3070 Bristol Pike, Suite 112
Bensalem, PA 19020
Telephone: (215) 638-4847
Facsimile: (215) 638-4867

*Additional Counsel*