**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CRAIG J. HOLLAND, Individually and On
Behalf of All Others Similarly Situated,

                 Plaintiffs,

v.

9F INC., LEI SUN, YANJUN LIN, YIFAN
REN, CHANGXING XIAO, FLYNN XUXIAN
HUANG, IVAN XU, JUNSHENG ZHANG,
WING HON CHEUNG, FANGXIONG GONG,
DAVID CUI, LEI LIU, SIU FUNG MING,
CREDIT SUISSE SECURITIES (USA) LLC,
HAITONG INTERNATIONAL SECURITIES
COMPANY LIMITED, CLSA LIMITED,
CHINA INVESTMENT SECURITIES
INTERNATIONAL BROKERAGE LIMITED,
9F PRIMASIA SECURITIES LIMITED, and
COGENCY GLOBAL INC.,

                 Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

2:21-cv-00948-MCA-MAH

**ECF Case**
**Electronically Filed**

**CLSA HONG KONG'S REPLY IN SUPPORT OF ITS MOTION TO
DISMISS THE SECOND AMENDED CLASS ACTION COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(B)(4) AND 12(B)(5)**

# **TABLE OF CONTENTS**

Page(s)

PRELIMINARY STATEMENT ....................................................................................1

ARGUMENT ...............................................................................................................2

I.    DISMISSAL IS REQUIRED BECAUSE PLAINTIFFS HAVE NOT SERVED CLSA HONG KONG WITH THE SECOND AMENDED COMPLAINT ....................................................................................................2

II.   PLAINTIFFS CANNOT SERVE CLSA HONG KONG BY SERVING A UNITED STATES BASED AFFILIATE.................................5

III.  THE COURT SHOULD DISMISS ALL CLAIMS AGAINST DEFENDANT CLSA HONG KONG RATHER THAN QUASH SERVICE......................................................................................................10

IV.   CLSA HONG KONG HAS NOT WAIVED ANY DEFENSES..................11

CONCLUSION ...........................................................................................................13

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Adam Technologies LLC* v. *Well Shin Technology Co.*,
2021 WL 141371 (D.N.J. Jan. 15, 2021)........................................................3, 4

*In re Asbestos Products Liability Litig. (No. VI)*,
921 F.3d 98 (3d Cir. 2019) .................................................................................12

*Baker* v. *Microbilt Corp.*,
2014 WL 5529195 (M.D. Pa. Nov. 3, 2014) ........................................................4

*Broschart* v. *Husqvarna AB*,
2021 WL 3269664 (D.N.J. July 30, 2021) ............................................................9

*Coulter* v. *U.S. Department of Homeland Security*,
2009 WL 3068395 (D.N.J. Sept. 23, 2009).........................................................10

*Dartell* v. *Tibet Pharms., Inc.*,
2017 WL 1206003 (D.N.J. Mar. 31, 2017) ......................................................9, 10

*Emekekwue* v. *Offor*,
2012 WL 5249414 (M.D. Pa. Oct. 24, 2012) ...................................................13n.

*Foote* v. *Valenti Mid Atlantic Management, LLC*,
2019 WL 266294 (E.D. Pa. Jan. 18, 2019).........................................................4n.

*Gallagher v. Mazda Motor of Am., Inc.*,
781 F. Supp. 1079 (E.D. Pa. 1992).......................................................................7

*Garlanger* v. *Verbeke*,
223 F. Supp. 2d 596 (D.N.J. 2002)................................................................. 9-10

*Gutierrez* v. *Medtronic plc*,
2023 WL 376014 (D.N.J. Jan. 5, 2023)................................................. 5-6, 9, 10

*K. J. Schwartzbaum, Inc. v. Evans, Inc.*,
44 F.R.D. 589 (S.D.N.Y. 1968)............................................................................6

*Laydon* v. *Mizuho Bank, Ltd.*,
2015 WL 1499185 (S.D.N.Y. Mar. 31, 2015)....................................................12

ii

*Mirrow* v. *Club Med, Inc.*,
  118 F.R.D. 418 (E.D. Pa. 1986)............................................................................ 6-7

*Myers* v. *Am. Dental Ass'n*,
  695 F.2d 716 (3d Cir. 1982) ...............................................................................13n.

*Phillips* v. *Murchison*,
  194 F. Supp. 620 (S.D.N.Y. 1961) ......................................................................3, 4

*PNC Bank, N.A.* v. *Twin Tier Development Group, Inc.*,
  2010 WL 5300819 (M.D. Pa. Dec. 20, 2010) .........................................................3

*Ragner Technology Corp.* v. *Berardi*,
  287 F. Supp. 3d 541 (D.N.J. 2018)........................................................................12

*Ross* v. *AARP Servs., Inc.*,
  2022 WL 4598873 (D.V.I. Sept. 29, 2022) .........................................................13n.

*Seltzer* v. *I.C. Optics, Ltd.*,
  339 F. Supp. 2d 601 (D.N.J. 2004)......................................................................6, 8

*Snyder* v. *Pascack Valley Hospital*,
  303 F.3d 271 (3d Cir. 2002) ...................................................................................3

*TCS Capital Management, LLC* v. *Apax Partners, L.P.*,
  2008 WL 650385 (S.D.N.Y. 2008)......................................................................3, 4

*Turick by Turick* v. *Yamaha Motor Corp., USA*,
  121 F.R.D. 32 (S.D.N.Y. 1988)..............................................................................9

*West* v. *American Honda Motor Co.*,
  2008 WL 4104683 (D.N.J. Aug. 28, 2008) .............................................................9

**STATUTES**

Fed. R. of Civ. P. 4...............................................................................................3, 4

Fed. R. of Civ. P. 12......................................................................................1, 11, 12

Defendant CLSA Hong Kong[1] respectfully submits this reply memorandum of law in further support of CLSA Hong Kong's Motion to dismiss the Second Amended Class Action Complaint pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5). CLSA Hong Kong denies that it is subject to personal jurisdiction or venue in this Court. (*See* Opening Brief at 1.)

## **PRELIMINARY STATEMENT**

Plaintiffs' opposition brief (ECF No. 55) (the "Opposition" or "Serv. Opp.") confirms that in the two years since this case was filed, Plaintiffs made only one attempt to serve CLSA Hong Kong, and that that attempt was ineffective for two independent reasons.

First, Plaintiffs concede that they have not served the operative Complaint, which they are required to do. Their claim that their failure to do so should be excused as a mere "technical defect" is contradicted by well-established case law that requires service of the operative complaint. That failure, by itself, warrants dismissal.

Second, service on CLSA Hong Kong was ineffective because Plaintiffs concede that they failed to comply with the Hague Service Convention by serving

---

[1] Unless otherwise indicated, capitalized terms have the same meaning as in CLSA Hong Kong's opening brief (ECF No. 49-1) ("Opening Brief"), all citations and internal quotations marks are omitted, and all emphases in quotations are added.

CLSA Hong Kong in Hong Kong through appropriate channels. Plaintiffs concede they have not done so. Plaintiffs claim that they can circumvent the requirements of the Hague Service Convention by serving CLSA Hong Kong's supposed agent in the United States, CLSA Americas. But CLSA Americas is not CLSA Hong Kong's agent. Indeed, neither entity is the parent of the other nor does either entity have any ownership interest in the other. The only relationship between the two entities is that they happen to be distant affiliates within the same CLSA corporate family. None of the materials Plaintiffs have submitted suggests anything to the contrary.

Unable to seriously defend their attempt at service, Plaintiffs ask this Court to give them another chance to serve CLSA Hong Kong. But in the two years since this case was filed, Plaintiffs have not made any serious effort to effect proper service on CLSA Hong Kong. Plaintiffs have not (because they cannot) offered any justification to support their request.

For these reasons and those described below, all claims against CLSA Hong Kong should be dismissed.

## **ARGUMENT**

### I. **DISMISSAL IS REQUIRED BECAUSE PLAINTIFFS HAVE NOT SERVED CLSA HONG KONG WITH THE SECOND AMENDED COMPLAINT**

Plaintiffs concede that they have not served, or attempted to serve, CLSA Hong Kong with the operative Complaint in this Action. (Serv. Opp. 12.) While

Plaintiffs attempted to serve the Original Complaint and the First Amended Complaint (the "Superseded Complaints") (Chung Decl. ¶ 7), by the time they did so, those complaints had already been superseded by the Second Amended Complaint.  That rendered them "no more than a mere scrap of paper" for purposes of effective service.  *Phillips* v. *Murchison*, 194 F. Supp. 620, 622 (S.D.N.Y. 1961); *Snyder* v. *Pascack Valley Hospital*, 303 F.3d 271, 276 (3d Cir. 2002) ("An amended complaint super[s]edes the original version . . . ."); *PNC Bank, N.A.* v. *Twin Tier Development Group, Inc.*, 2010 WL 5300819, at *1 (M.D. Pa. Dec. 20, 2010) ("The effect of filing an amended complaint is to withdraw the original complaint."); *Adam Technologies LLC* v. *Well Shin Technology Co.*, 2021 WL 141371, at *5 (D.N.J. Jan. 15, 2021) ("[S]ervice of a superseded complaint with the summons does not fulfill the requirements of [Rule 4].") (citing 4A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1093 (4th ed. 2020)).  For that reason alone, the Court should grant CLSA Hong Kong's Motion to Dismiss.  *See, e.g.*, *TCS Capital Management, LLC* v. *Apax Partners, L.P.*, 2008 WL 650385, at *10-11 (S.D.N.Y. 2008) (service was defective where defendant was served with initial complaint after an amended pleading was filed).

Plaintiffs have no answer for their failure to comply with Rule 4.  They attempt to excuse their failure as a mere "technical defect" that has not prejudiced

3

CLSA Hong Kong.[2]  (Serv. Opp. 4, 12.)  Tellingly, they cite no case or other authority to support that position.[3]  This is unsurprising, because it is well established that "rules relating to service of process must be strictly followed." *Baker* v. *Microbilt Corp.*, 2014 WL 5529195, at *5 (M.D. Pa. Nov. 3, 2014).  For that reason, "a party's prejudice, or lack thereof, is not relevant to the determination of whether a party was served in accordance with Rule 4."  *Adam Technologies*, 2021 WL 141371, at *6.  Accordingly, courts routinely grant motions to dismiss for failure to serve the operative complaint.  *See, e.g., Phillips*, 194 F. Supp. at 622; *TCS Capital Management,* 2008 WL 650385, at *10-11.

Because Plaintiffs have not attempted to serve the operative Complaint on CLSA Hong Kong, all claims against CLSA Hong Kong must be dismissed.  *See, e.g., Phillips*, 194 F. Supp. at 622; *TCS Capital Management,* 2008 WL 650385, at *10-11.

---

[2] That Plaintiffs attempted to serve the Superseded Complaints within days of filing the operative Complaint (Serv. Opp. 16 n.6) does not change the fact that by the time they attempted service, the complaints they attempted to serve had been superseded.

[3] In the only case Plaintiffs cite, *Foote* v. *Valenti Mid Atlantic Management, LLC*, 2019 WL 266294 (E.D. Pa. Jan. 18, 2019) (Serv. Opp. 12.), plaintiffs served the operative complaint and it was "undisputed" that defendants were properly served. *Id.* at *3.  The only question was whether plaintiffs' failure to file an affidavit of service rendered the otherwise effective service deficient.  *See id.*

## II.   PLAINTIFFS CANNOT SERVE CLSA HONG KONG BY SERVING A UNITED STATES BASED AFFILIATE

Plaintiffs' Opposition also confirms that the claims against CLSA Hong Kong must be dismissed for the additional and independent reason that Plaintiffs attempted to serve the wrong entity. Because CLSA Hong Kong, the named defendant in this action, is based in Hong Kong (Compl. ¶ 37), it must be served there. (Opening Brief 10.) Plaintiffs concede that they have neither served nor attempted to serve CLSA Hong Kong in Hong Kong through the Hague Convention.

In an attempt to salvage their deficient service attempt, Plaintiffs claim that CLSA Hong Kong does not need to be served in Hong Kong because it can be served through its distant United States-based corporate affiliate, CLSA Americas, in the United States. As a threshold matter, Plaintiffs erroneously state the standard for whether CLSA Americas is CLSA Hong Kong's agent for purposes of effecting service. According to them, the only consideration is whether "CLSA Americas was either established for, or is engaged in, activities that but for the existence of CLSA Americas, CLSA [Hong Kong] would have to undertake for itself." (Serv. Opp. 7.) But, as Magistrate Judge Hammer recently explained:

> [W]hen considering whether a subsidiary is acting as its parent's agent, courts consider: (1) whether the subsidiary is doing business in the forum that would otherwise be performed by the parent; (2) whether there is common ownership of the parent and subsidiary; (3) whether there is financial dependency; and (4) whether the parent interferes with the subsidiary's personnel, disregards the corporate formalities, and/or controls the subsidiary's marketing and operational policies.

5

*Gutierrez* v. *Medtronic plc*, 2023 WL 376014, at *7 (D.N.J. Jan. 5, 2023) (M.J., Hammer), report and recommendation adopted, 2023 WL 375729 (D.N.J. Jan. 24, 2023).  Plaintiffs do not even attempt to explain how the relationship between CLSA Hong Kong and CLSA Americas satisfies this standard and so have failed to meet their burden to establish that CLSA Americas is CLSA Hong Kong's agent for purposes of service.

Regardless, CLSA Americas is not CLSA Hong Kong's agent for purposes of service.  To be deemed an agent for the purpose of effecting service, it is not enough that two entities have a parent-subsidiary relationship, let alone simply reside within the same corporate family.  *See* 2023 WL 376014, at *7 (dismissing complaint where plaintiffs failed to show domestic subsidiary that received service papers was parent-defendants' agent or alter ego).  Instead, courts typically require that a parent dominate and control its subsidiary, *see id.*; *see also Seltzer* v. *I.C. Optics, Ltd.*, 339 F. Supp. 2d 601, 609-12 (D.N.J. 2004) (domestic subsidiary's forum contacts could not be imputed to foreign parent where plaintiffs could not show agency or alter ego relationship), or that the parent "created a seemingly independent subsidiary" in order to send "its own agents into an area in furtherance of the business purposes of its enterprise."  (Serv. Opp. 11 (quoting *K. J. Schwartzbaum, Inc.* v. *Evans, Inc.*, 44 F.R.D. 589, 592 (S.D.N.Y. 1968))); (*see also* Serv. Opp. at 7 (quoting *Mirrow* v. *Club Med, Inc.*, 118 F.R.D. 418, 419-20 (E.D. Pa. 1986)) (serving foreign parent via

6

its domestic subsidiary was proper where subsidiary was a "mere conduit" that "effectively operate[d] as the sales department" of its parent); Serv. Opp. at 7 (quoting *Gallagher* v. *Mazda Motor of Am., Inc.*, 781 F. Supp. 1079, 1085 (E.D. Pa. 1992)) (serving foreign parent via its domestic subsidiary was proper to the extent the plaintiff could show subsidiary was "engaged in activities that are vital to the survival or the success of the parent corporation").)

Plaintiffs do not meet that exacting standard. Indeed, here, there is not even a parent-subsidiary relationship between the two entities. CLSA Hong Kong does not own or control CLSA Americas. (Chung Decl. ¶ 4.) And CLSA Americas does not own or control CLSA Hong Kong. (*Id.*) There is no evidence that either entity was created for the purpose of furthering the other entity's business activities. Indeed, their only connection is that they happen to be distant corporate affiliates that are owned and controlled by separate entities. (*Id.* ¶¶ 1, 3-4.) Plaintiffs do not cite a single case that found an agency relationship in a similar context.

Unable to satisfy that standard, Plaintiffs grasp at evidence of "Related Party Transactions" between CLSA Americas and CLSA Hong Kong listed in SEC Filings. (Serv. Opp. 8-11 (attaching as exhibits CLSA America's Statements of Financial Condition).) Specifically, they claim that (i) CLSA Americas "executes orders for CLSA [Hong Kong], on which CLSA Americas earns execution fees" (Serv. Opp. 8, 10); (ii) "CLSA [Hong Kong] allocates expenses to CLSA Americas"

7

(*id.* at 9); (iii) "CLSA Americas executes orders for CLSA [Hong Kong] for securities listed on markets in North and South America on which CLSA Americas earns execution fees" (*id.*); (iv) "CLSA [Hong Kong] acts as the collection agent for all payments for retention services from non-Americas-domiciled clients" (*id.* at 10); and (v) "CLSA Hong Kong allocated expenses to CLSA Americas" (*id.*). Such ordinary business dealings that are but a fraction of each entity's revenues[4] are not sufficient to establish an agency relationship. *See Seltzer*, 339 F. Supp. 2d at 609-10 (foreign defendant did not dominate or control domestic affiliate where "it did not control the day-to-day time, manner, and method of executing the work" and the domestic affiliate "was the corporate equivalent of an independent contractor, rather than a servant").

Plaintiffs also argue that service on CLSA Hong Kong is proper because it has "actual notice" of Plaintiffs' lawsuit. (Serv. Opp. 13 ("Here, service was proper because it was reasonably calculated to give actual notice to CLSA [Hong Kong] of the proceedings against it.").) But actual notice is not the test of effective service.

---

[4] CLSA Americas' Statement of Financial Condition for the years 2021, 2016, and 2013 – attached as exhibits to Plaintiffs' Opposition – confirm that, for all three years, both CLSA Americas' receivables from "affiliates" and payables to "affiliates" comprise only fractions of the company's total assets and liabilities. *See* Serv. Opp. Exs. 3-5. In their Opposition, Plaintiffs have only identified transactions that fall within these two categories. Such insignificant transactions cannot amount to domination or control in any direction.

8

Indeed, if it were, no defendant could ever successfully challenge the sufficiency of service, because, by doing so, they would, in effect, be conceding that they are aware of the lawsuit. Obviously, that is not the law, and courts routinely dismiss complaints for insufficiency of service. *See West* v. *American Honda Motor Co.*, 2008 WL 4104683, at *4 (D.N.J. Aug. 28, 2008) (granting motion to dismiss where plaintiff failed to submit evidence "that he served a proper agent of [foreign defendant] or that an agency relationship exists between" the foreign defendant and the domestic entity that received the service attempt); *Broschart* v. *Husqvarna AB*, 2021 WL 3269664, at *3 (D.N.J. July 30, 2021) (finding plaintiff failed to meet his burden of providing evidence that individual to whom plaintiff delivered in-hand service papers was authorized to accept service on behalf of foreign defendant); *Turick by Turick* v. *Yamaha Motor Corp., USA*, 121 F.R.D. 32 (S.D.N.Y. 1988) (finding service ineffective and dismissing complaint where plaintiffs made no showing that domestic subsidiary that received summons and complaint was the named defendant's agent for purposes of receiving process)*; Gutierrez*, 2023 WL 376014, at *3 (dismissing complaint where plaintiffs failed to show domestic subsidiary that received service papers was parent-defendants' agent or alter ego); *Dartell* v. *Tibet Pharms., Inc.*, 2017 WL 1206003, at *4 (D.N.J. Mar. 31, 2017) (dismissing complaint against foreign defendant where plaintiffs failed to show that they attempted in good faith to serve defendant); *Garlanger* v. *Verbeke*, 223 F. Supp.

9

2d 596, 610-11 (D.N.J. 2002) (dismissing claims against defendant where "more than thirteen months have passed since the filing of Plaintiff's original complaint" and "Plaintiff has demonstrated no reasonable basis for failing to comply with the service requirements"); *Coulter* v. *U.S. Department of Homeland Security*, 2009 WL 3068395, at *8 (D.N.J. Sept. 23, 2009) (dismissing complaint where 253 day delay in serving defendant appeared unreasonable and plaintiff failed to demonstrate "good cause").

## III.  THE COURT SHOULD DISMISS ALL CLAIMS AGAINST DEFENDANT CLSA HONG KONG RATHER THAN QUASH SERVICE

Plaintiffs concede that for years, they took no steps to serve CLSA Hong Kong and have never attempted to serve the operative Complaint.  Under these circumstances, it is well within the Court's "broad discretion" to dismiss all claims against CLSA Hong Kong.  *Gutierrez*, 2023 WL 376014, at *3; s*ee also Dartell*, 2017 WL 1206003, at *4 (dismissing complaint against foreign defendant).

Plaintiffs claim that "there exists a reasonable prospect" that they can still effect service on CLSA Hong Kong, and that failure by the Court to allow them additional time to try would be "an abuse of discretion." (Serv. Opp. 17.)  They are wrong.  Plaintiffs are only afforded an additional opportunity to effect service where they have actually engaged in good faith efforts to serve the defendant that is contesting service.  (*Id.* (collecting cases where courts quashed service rather than

10

dismissed claims).)  Here, Plaintiffs took no such steps.

Plaintiffs claim that their delay in attempting to serve CLSA Hong Kong can be attributed to the unique procedural requirements of securities class actions that provide for a months-long process to appoint a lead plaintiff.  (*Id.* at 15.)  But even if that were a valid excuse, the lead plaintiff appointment was made in this case on October 13, 2021 (ECF No. 19), and yet, Plaintiffs did not attempt to serve CLSA Hong Kong until February 2, 2023.  Plaintiffs do not and cannot offer any justification to explain their delay.

## IV.  CLSA HONG KONG HAS NOT WAIVED ANY DEFENSES

Since the Complaint should be dismissed as to CLSA Hong Kong on 12(b)(4)-(5) grounds alone, Plaintiffs' argument that CLSA Hong Kong waived its 12(b)(2) and 12(b)(3) arguments by bringing the instant motion is moot and the Court need not address it.  (Serv. Opp. 5-6.)

In any event, Plaintiffs' argument is meritless.  The schedule in this case, to which Plaintiffs stipulated and the Court so-ordered, states that any motion to dismiss brought by CLSA Hong Kong for improper service should be addressed in a standalone motion while reserving defenses based on lack of personal jurisdiction, which would be addressed in separate briefing at a later date.  ECF No. 46 ("To the extent Plaintiffs purport to have served Defendant CLSA Limited ("CLSA"), CLSA will file any motion to dismiss under Federal Rule of Civil Procedure 12(b)(5)

pursuant to the schedule listed below *while reserving its defenses based on lack of personal jurisdiction*.").    That is precisely what CLSA Hong Kong has done. Plaintiffs cannot now assert prejudice or inefficiency where CLSA Hong Kong simply adhered to the Court-ordered agreement among the parties.  *See, e.g., Laydon* v. *Mizuho Bank, Ltd.*, 2015 WL 1499185, at \*1 (S.D.N.Y. Mar. 31, 2015) (whereas "so-ordered stipulation with Plaintiff expressly preserved" right of "Stipulating Defendants" to move to dismiss pursuant to 12(b)(2) at a later time, "Non-Stipulating Defendants'" waived 12(b) defenses by not asserting them sooner).

In any event, even without the Court-ordered stipulation, there is no waiver here.  To waive a defense based on lack of personal jurisdiction and venue, the defendant must have demonstrated a willingness to adjudicate the merits of the case without asserting those defenses.  *See Ragner Technology Corp.* v. *Berardi*, 287 F. Supp. 3d 541, 550 (D.N.J. 2018) (finding no waiver where "[p]laintiffs were on notice of [defendants' personal jurisdiction] argument, and the Court discern[ed] no actions taken by the [defendants] that should have convinced [p]laintiffs that the [defendants] were abandoning this argument"); *In re Asbestos Products Liability Litig. (No. VI)*, 921 F.3d 98, 105 (3d Cir. 2019) (defendants consent to personal jurisdiction when they "actually litigate[] the underlying merits or demonstrate[] a willingness to engage in extensive litigation in the forum").

CLSA Hong Kong took no such steps here.  CLSA Hong Kong included

12

express language in the very first paragraph of its Opening Brief stating that it was reserving its defenses based on lack of personal jurisdiction and improper venue.[5] And Plaintiffs' Opposition reveals that they are aware that CLSA Hong Kong intends to assert these defenses.

## CONCLUSION

For the reasons above and those in CLSA Hong Kong's Opening Brief, all claims against CLSA Hong Kong should be dismissed.

Dated:        May 17, 2023

DUGHI, HEWIT & DOMALEWSKI, P.C.

/s/ *Craig A. Domalewski*

Craig A. Domalewski
340 North Avenue
Cranford, New Jersey 07016
Telephone: 908-272-0200

---

[5] The cases on which Plaintiffs rely are inapposite.  In each case, defendants' motion to dismiss never made any reference to the defenses they were found to have waived. (Serv. Opp. 6-7 (citing *Emekekwue* v. *Offor*, 2012 WL 5249414, at *3 (M.D. Pa. Oct. 24, 2012), a case where defendant's' motion to dismiss "did not . . . even reference the defense of lack of personal jurisdiction"); Serv. Opp. 6 (citing *Myers* v. *Am. Dental Ass'n*, 695 F.2d 716, 720 (3d Cir. 1982), a case where defendants' motion to dismiss failed to raise personal jurisdiction until after the district court ruled on the motion); Serv. Opp. 6 (citing *Ross* v. *AARP Servs., Inc.*, 2022 WL 4598873, at *4–5 (D.V.I. Sept. 29, 2022), a case where defendants' initial motion to dismiss did not raise any personal jurisdiction defense at all).)

CAHILL GORDON & REINDEL LLP

/s/ *David G. Januszewski*
David G. Januszewski
Sheila C. Ramesh
32 Old Slip
New York, NY 10005
Telephone: 212-701-3000

*Attorneys for Defendant CLSA Limited*

14