**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Craig J. Holland, Individually and On Behalf of All Others Similarly Situated, | Civil Action No. 21-948 (MEF)(MAH) |
| *Plaintiffs*, | **OPINION** |
| v. | |
| 9F Inc., et al., | |
| *Defendants*. | |

**Table of Contents**

**I. Background**

    **A. The Parties**

    **B. The Plaintiffs' Service**

    **C. The Defendant's Motion**

    **D. The Court's Approach**

**II.  Service Was Not Sufficient**

**III. Dismiss the Complaint or Quash Service?**

**IV.  Conclusion**

\* \* \*

Initial public offering materials contained allegedly misleading statements, and an investor sued on behalf of a putative class.

One of the entities that was sued now moves to dismiss, claiming it was not properly served.

The Court concludes service was not proper.

The parties will now be given a chance to weigh in on the appropriate remedy.

\*   \*   \*

## I. Background

### A. The Parties

The Plaintiffs are Craig J. Holland and John S. Wait. They are referred to as "the Plaintiffs."

The Defendant at issue here is a Hong Kong-based entity, CLSA Limited. It is referred to as "the Defendant."

### B. The Plaintiffs' Service

The Plaintiffs have filed three complaints that name the Defendant. One in 2021, the "Original Complaint." One in 2022, the "First Amended Complaint."[1] And one in 2023, the "Second Amended Complaint."

The Plaintiffs have tried to serve the Defendant once.

The service was made in New York, on an entity said to be related to the Defendant. See Memorandum of Law in Support of Motion to Dismiss 3 ("Motion to Dismiss"); Motion to Dismiss, Chung Declaration ¶¶ 3, 7; Brief in Opposition 7.

And the service was made on February 2, 2023. See Motion to Dismiss 3; Motion to Dismiss, Chung Declaration ¶¶ 3, 7.

The core issue: what was served on February 2, 2023 was not the 2023 Second Amended Complaint, which had been filed the day before. See Motion to Dismiss 3; Motion to Dismiss, Chung Declaration ¶ 7. Rather, what was served was the 2021 Original

---

[1] The 2022 First Amended Complaint was dismissed later that year for failure to state a claim.

Complaint[2] and the 2022 First Amended Complaint.[3]  See Motion to Dismiss 3; Motion to Dismiss, Chung Declaration ¶ 7.

### C. The Defendant's Motion

The Defendant has moved to dismiss under Federal Rule of Civil Procedure 12(b) for improper service.[4]

The Defendant's argument: the Plaintiffs' service of the superseded complaint[5] and the dismissed complaint,[6] but not the operative complaint,[7] did not meet the relevant legal standard; therefore, the case against the Defendant must be dismissed. See Motion to Dismiss 5-6.[8]

### D. The Court's Approach

The Court analyzes the Defendant's motion in two steps.

In Part II, the Court assesses whether service was sufficient. The Court's conclusion: it was not.

Given this conclusion, in Part III the Court assesses whether the complaint should be dismissed or service should be quashed. The Court's conclusion: the parties should be permitted to be heard before the Court reaches its decision.

---

[2]  Which by February 2, 2023 had been superseded, by the 2022 First Amended Complaint.

[3]  Which by February 2, 2023 had been dismissed.  See footnote one.

[4]  The Defendant moved under 12(b)(4) and 12(b)(5).  There are some differences between these.  See generally 5B C. Wright & A. Miller, Federal Practice and Procedure § 1353 (3d ed. 2023). But Rule 12(b)(4) and 12(b)(5) are each focused on alleged problems with service.  See id.  And the differences between them do not matter for this opinion.

[5]  That is: the 2021 Original Complaint.

[6]  The 2022 First Amended Complaint.

[7]  The 2023 Second Amended Complaint.

[8]  The Defendant's motion presses additional arguments as to why service was improper.  Because one is dispositive, only that argument is discussed here.

3

## II. Service Was Not Sufficient

A plaintiff must serve each defendant with, among other things, "the complaint." Fed. R. Civ. P. 4(c)(1).

Here, as noted, the Defendant was served with two complaints. One had been dismissed by the time it was served, and one had been superseded by the time it was served.[9]

Does that count as serving "the complaint"? Fed. R. Civ. P. 4(c)(1).

The Court's answer: no.

The Third Circuit has not addressed this issue.

But other Courts of Appeals have. The Fifth Circuit: "service of a superseded complaint — as occurred here given the intervening filing of Plaintiffs' amended complaint — is not proper service." Carr v. City of Spring Valley Village, 2022 WL 1553539, at *3 (5th Cir. May 17, 2022). The Tenth: "where an amended pleading supersedes the original complaint, subsequent service of the superseded prior or original pleading is improper." Gilles v. United States, 906 F.2d 1386, 1390 (10th Cir. 1990) (cleaned up).

District Courts in the Third Circuit have come to the same conclusion, holding that service of an inoperative complaint does not count as service of "the complaint" for purposes of Rule 4. See Adam Tech. LLC v. Well Shin Tech. Co., Ltd., 2021 WL 141371, at *5 (D.N.J. Jan. 15, 2021) ("service of a superseded complaint with the summons does not fulfill the requirements of Rule 4(c)") (cleaned up); PNC Bank, N.A. v. Twin Tier Dev. Grp., Inc., 2010 WL 5300819, at *1 (M.D. Pa. Dec. 20, 2010) (holding service was not proper because the plaintiff "did not serve the then-complaint upon the defendants but served a superseded complaint which was then no more than a mere 'scrap of paper' insofar as the case is concerned") (cleaned up).

District Courts outside the Third Circuit have landed in the same place. See Lau v. Fauci, 2023 WL 3181887, at *3 (N.D.N.Y. May 1, 2023) ("[b]ecause Plaintiffs filed their first amended complaint before effecting service of the original complaint . . . service of the original complaint was not proper"); Howard v. City of Houston, 2022 WL 2106466, at *2 (S.D. Tex. June 10,

---

[9] Recall that at the time of service, one complaint was live and on file with the Court. That complaint was not served.

4

2022) (holding that service of a superseded complaint is improper); Jones v. Barlow, 2019 WL 13165459, at * 2 (M.D. Fla. May 15, 2019) (holding that service was ineffective because a superseded original complaint, not the amended complaint, was served); Hardaway v. Litton Loan Serv., LP, 2018 WL 4431333, at *2 (N.D. Miss. Sept. 17, 2018) ("[i]f the original complaint has been superseded by an amended complaint, service is ineffective if the original (rather than the amended) complaint is served") (cleaned up); Auto-Owners Ins. Co. of Am. v. Hallmark Mktg. Co., LLC, 2017 WL 5126166, at *3 (W.D. Mich. Jan 24, 2017) ("[w]here an amended pleading supersedes the original complaint, subsequent service of the superseded . . . pleading is improper") (cleaned up); Morris v. Barra, 2014 WL 29721, at *17 (S.D. Cal. Jan 3, 2014) ("[p]laintiff's service of his first amended complaint was ineffective, because it had been superseded by his second and third amended complaints"); Doe v. Holy See, 2014 WL 1329985, at *6 (E.D. La. Apr. 2, 2014) (when "an amended pleading supersedes the original complaint, subsequent service of the superseded . . . pleading is improper"); Newsom v. Countrywide Home Loans, Inc., 2012 WL 12921029, at *3 (N.D. Cal. June 6, 2012) (holding service of a superseded complaint was ineffective because the defendant "was not served with a copy of the operative complaint") (cleaned up); United States ex rel. Goulooze v. Levit, 2006 WL 8441284, at *3 (D. Ariz. Oct. 25, 2006) ("serving a superseded complaint with the summons is not a proper service of process") (cleaned up); Martin v. Salvatierra, 233 F.R.D. 630, 632 (S.D. Fla. 2005) (holding service of a superseded complaint was not effective); cf. Cariaga v. Bank of Am., 2011 WL 13233680, at *3 (D. Haw. Jan. 12, 2011) ("it makes no sense to require a party to serve an original complaint when the complaint has been amended" because it "has no legal effect").

The leading treatises have understood the issue in the same way:

> When the original complaint has been superseded by an amended complaint, service of a summons and only the original complaint is invalid.

1 Moore's Federal Practice – Civil § 4.50 (2023).

> [S]ervice of a superseded complaint with the summons does not fulfill the requirements of the rule.  As one court has remarked, a superseded complaint is a mere scrap of paper.

4A C. Wright & A. Miller, Federal Practice and Procedure § 1093 (4th ed. 2023) (cleaned up).[10]

In sum: the general rule is that service of a superseded or dismissed complaint does not count as service of "the complaint" as required by Federal Rule of Civil Procedure 4.  This is the consensus of the cases and the commentators, and the Court has not found any authorities that push in the other direction.[11]

Bottom line: the Defendant was not properly served when it was served on February 2, 2023 with the dismissed complaint and the superseded complaint.

### III.   Dismiss the Complaint or Quash Service?

Because service was improper, the Court must exercise its "broad discretion to either dismiss the plaintiff's complaint for failure to effect service or to simply quash service of process."  Umbenhauer v. Woog, 969 F.2d 25, 30 (3d Cir. 1992).

In cases in which the time for service has expired, the Court must generally undertake a "two-prong inquiry" to determine

---

[10]  To the extent the law here rests on the idea that "a superseded complaint is a mere scrap of paper," note the various cases that seem to embrace the "scrap of paper" idea.  See, e.g., Washer v. Bullitt County, 110 U.S. 558, 562 (1884); W. Run Student Hous. Assoc., LLC v. Huntington Nat'l Bank, 712 F.3d 165, 171 (3d Cir. 2013).  The law here may also rest on other premises.  For example, service helps to provide the notice that Due Process requires, see, e.g., Henderson v. United States, 517 U.S. 654, 672 (1996), and being served with a superseded complaint might not provide enough notice.

[11]  Why then just a general rule?  Because there may sometimes be wrinkles.  What if the superseded complaint that was served is very closely similar to the operative complaint that was not?  What if a superseded complaint is served (using the especially rigorous methods required by Rule 4), but the operative complaint is served soon afterwards (using the somewhat less rigorous methods of Rule 5)?  Could some of this change the picture?  Maybe, maybe not.  But in any event: not here.  The superseded complaint and the dismissed complaint that were served in this case were thoroughly different than the operative complaint.  And there is no indication here that follow-up Rule 5 service of the operative complaint was made after the initial Rule 4 service.

whether to dismiss or quash.  See McCurdy v. Am. Bd. of Plastic Surgery, 157 F.3d 191, 196 (3d Cir. 1998).

Here, it appears the time has indeed expired for service of the New York entity in New York.[12]  Why?  Because Federal Rule of Civil Procedure 4(m) requires that domestic service be made within 90 days of the filing of the complaint.  And the Original Complaint here was filed in 2021.[13]

Accordingly, the above-referenced "two-prong inquiry," McCurdy, 157 F.3d at 196, used when time has expired, will likely guide the Court's analysis here.

The first prong of the inquiry: the Court "must determine" if there was good cause for the failure to effect timely service.  See Petrucelli v. Bohringer & Ratzinger, GMBH, 46 F.3d 1298, 1305 (3d Cir. 1995).[14]  If so, the Court must grant an extension of time.  See id.

The second prong: even if there is not good cause, the Court may, in its discretion, still grant an extension.  See id.[15]

---

[12]  As alluded to above, the New York entity is said to have sufficient connections to the Defendant, so that service of the New York entity amounts to service of the Defendant.  The Defendant is not a New York entity.  It is a Hong Kong entity.

[13]  In the context of a putative class action, such as this one, it can be difficult to initially figure out who is responsible for undertaking service.  See generally In re Comverse Tech., Inc. Sec. Litig., 543 F. Supp. 2d 134, 146-47 (E.D.N.Y.).  But here, this point may not move the needle.  The lead plaintiff and the lead counsel were appointed in 2021.

[14]  Good cause requires "a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules." MCI Telecomms. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995).  To decide if there is good cause, some of the frequently-invoked factors: "(1) reasonableness of plaintiff's efforts to serve (2) prejudice to the defendant by lack of timely service and (3) whether plaintiff moved for an enlargement of time to serve."

[15]  To decide if an extension without good cause is warranted, some factors: "(1) if the applicable statute of limitations would bar the refiled action; (2) if the defendant is evading

These two prongs call for factual inquiries that the parties' briefing has not fully zeroed in on to this point. Before the Court undertakes these inquiries, and issues a bottom-line ruling on the dismiss-or-quash question, the parties should have a chance to weigh in more thoroughly.

An order, to be issued later today, will establish a schedule to do so.[16]

## IV. Conclusion

For the reasons set out above, service of the Defendant was not proper, and the parties will now be permitted to weigh in more thoroughly on the appropriate remedy.

IT IS on this 27th day of December, 2023, so **ORDERED**.

_____
Michael E. Farbiarz, U.S.D.J.

---

service or concealing a defect in attempted service; and (3) if the plaintiff is appearing pro se." Gonzalez v. Thomas Built Buses, Inc., 268 F.R.D. 521, 527 (M.D. Pa. 2010) (citing Petrucelli, 46 F.3d at 1305-06).

[16] Two points. First, while time seems to have run out on domestic service, it might not have expired as to service of the Defendant in Hong Kong. See generally Fed. R. Civ. P. 4(m). The Court has not been asked this question, and therefore does not answer it. A second such question: would even proper service of the New York entity count as service of the Hong Kong Defendant? This inquiry seems to turn on New Jersey and New York law. See Fed. R. Civ. P. 4(h)(1), 4(e)(1). As to New Jersey law, see, for example: Crespi v. Zeppy, 2022 WL 815429, at *4 (N.J. Super. Ct. App. Div. Mar. 18, 2022), Mills v. Ethicon, 406 F. Supp. 3d 363, 393 (D.N.J. 2019), Dewey v. Volkswagen AG, 558 F. Supp. 2d 505, 513 (D.N.J. 2008), and Pfundstein v. Omnicom Grp. Inc., 666 A.2d 1013, 1017 (N.J. Super. Ct. App. Div. 1995). For New York law, see, for example: Porter v. LSB Industries, Inc., 192 A.D.2d 205, 210 (N.Y. App. Div. 1993), Derso v. Volkswagen of Am., 159 A.D. 2d 937, 937 (N.Y. App. Div. 1990), and Delagi v. Volkswagen AG of Wolfsburg, Germany, 29 N.Y. 2d 426, 431-32 (N.Y. 1972).