**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Craig J. Holland, Individually and On Behalf of All Others Similarly Situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>9F Inc., et al.,<br><br>*Defendants.* | Civil Action No. 21-948 (MEF)(MAH)<br><br>**ORDER** |

One of the defendants filed a motion to dismiss the complaint for failure to effect proper service. See Docket Entry 49.

The Court issued an opinion as to the motion to dismiss. The opinion left open the question of whether (a) the motion to dismiss would be granted or (b) service would be quashed.

The parties have now submitted letter briefs as to that open question.

The Court's ruling: the motion to dismiss is denied, service is quashed.

* * *

The Court "possess[es] broad discretion to either dismiss the plaintiff's complaint for failure to effect service or to simply quash service of process." Umbenhauer v. Woog, 969 F.2d 25, 30 (3d Cir. 1992).

Here, the Court exercises its discretion to quash service.

First, the Defendant does not argue that it suffered any specific or tangible prejudice because of any delay in serving

the complaint. Rather, the Defendant notes the passage of time can make a case "stale." But this is a generic point. Does it have real traction here, in a document-focused securities case where discovery is stayed? Not clear.

Second, there is little basis in the record for thinking the Plaintiffs have proceeded in a dilatory or bad faith manner. For example, some of the time after the complaint was filed was spent waiting for a lead plaintiff to be appointed. And some of the time after the complaint was served was spent waiting for the instant motion to be decided.

Third, the Plaintiffs now seek to serve the Defendant via the Hague Convention. This suggests the Plaintiffs have "a reasonable prospect of serving process successfully." Umbenhauer, 969 F.2d at 27. That cuts against dismissing their complaint. See id.

* * *

Service is quashed. The motion to dismiss is denied.

This is without prejudice to the Defendant filing a new motion to dismiss if the Plaintiffs do not proceed with expedition as to serving the Defendant.

IT IS on this 23rd day of January, 2024, so **ORDERED**.

Michael E. Farbiarz, U.S.D.J.