UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| Craig J. Holland,<br>Individually and On Behalf of<br>All Others Similarly Situated,<br><br><br>*Plaintiffs*,<br><br>v.<br><br>9F Inc., et al.,<br><br><br>*Defendants*. | Civil Action No. 21-948<br>(MEF)(MAH)<br><br><br>**ORDER** |

One of the Plaintiffs' core arguments is that 9F failed to disclose the incremental counter-party risk associated with the possibility that PICC might one day claim its agreement with 9F was not enforceable.  The source of this extra risk: that an important aspect of the alleged agreement was illegal.

Under Anglo-American common law, illegal agreements are relatively more difficult to enforce.

This may well also be the case under Chinese law, which presumably was relevant here.

But that, at this point, is simply an assumption.

In addition, determining the content of foreign law can be complicated.  In some senses, the content of foreign law is treated as a factual matter.  And in other senses, it is treated as a matter of law for the Court.

Against this backdrop, the parties shall file a joint one-page letter on or before February 2.  It shall focus solely on whether the parties agree that the Court may assume, for purposes of deciding the motion to dismiss, (1) that Chinese law

makes it very difficult to enforce agreements that in large part envision illegal conduct and (2) that Chinese law would have controlled the question of whether the alleged 9F/PICC agreement was enforceable.

If the parties do not so agree, the Court would entertain a short and highly expedited motion by the Plaintiffs that proposes a very narrow amendment to the operative complaint, to include an allegation as to the applicability and content of Chinese law.

IT IS on this 26th day of January, 2024, so **ORDERED**.

Michael E. Farbiarz, U.S.D.J.