# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

CRAIG J. HOLLAND, Individually and on behalf of all others similarly situated,

Plaintiff,

v.

9F INC., LEI SUN, YANJUN LIN, YIFAN REN, CHANGXING XIAO, FLYNN XUXIAN HUANG, IVAN XU, JUNSHENG ZHANG, WING HON CHEUNG, FANGXIONG GONG, DAVID CUI, LEI LIU, SIU FUNG MING, CREDIT SUISSE SECURITIES (USA) LLC, HAITONG INTERNATIONAL SECURITIES COMPANY LIMITED, CLSA LIMITED, CHINA INVESTMENT SECURITIES INTERNATIONAL BROKERAGE LIMITED, 9F PRIMASIA SECURITIES LIMITED, and COGENCY GLOBAL INC.,

Defendants.

Case No: 2:21-cv-00948-MEF-MAH

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' JOINT MOTION TO DISMISS THE REVISED SECOND AMENDED CLASS ACTION COMPLAINT**

# TABLE OF CONTENTS

**TITLE**                                                                      **PAGE**

TABLE OF AUTHORITIES ............................................................................... ii

1.  INTRODUCTION ...................................................................................1

    I.     PLAINTIFFS ADEQUATELY ALLEGE VIOLATIONS
         OF THE SECURITIES LAWS ...........................................................3

         A.     Plaintiffs Adequately State Claims Under the Securities Act and
                 Exchange Act By Alleging with Specificity – as Judge Arleo
                 Condoned – that 9F Used PICC as a Conduit to Circumvent
                 Chinese Regulatory Bans on Collecting Fees From Borrowers
                 That Exceeded 36% in Fees and Interest ...................................... 4

         B.     Although Not Required, Plaintiffs Also Allege That Chinese Courts
                 Have the Discretion to Rule that the Cooperation Agreement
                 between 9F and PICC is Illegal and Therefore Unenforceable .................. 6

    II.     CONCLUSION .................................................................................7

# TABLE OF AUTHORITIES

**Cases**                                                                                                       **Page(s)**

*Bedrosian v. United States Dep't of Treasury, Internal Revenue Serv.*,
  42 F.4th 174 (3d Cir. 2022), *cert. denied sub nom. Bedrosian v.
  United States*, 143 S. Ct. 2636 (2023) ...............................................................5

*City of Sterling Heights Police & Fire Ret. Sys. v. Reckitt Benckiser
  Grp. PLC*,
  587 F. Supp. 3d 56 (S.D.N.Y. 2022) ..................................................................6

*In re Burlington Coat Factory Sec. Litig.*,
  114 F.3d 1410, 1435 (3d Cir. 1997) ...................................................................7

*In re DraftKings Inc. Sec. Litig.*,
  650 F. Supp. 3d 120 (S.D.N.Y. 2023) ................................................................6

*In re Hain Celestial Grp., Inc. Sec. Litig.*,
  20 F.4th 131 (2d Cir. 2021) ...............................................................................6

*Herman & MacLean v. Huddleston*,
  459 U.S. 375 (1983)............................................................................................3

*Plumber & Steamfitters Loc. 773 Pension Fund v. Danske Bank A/S*,
  11 F.4th 90 (2d Cir. 2021) .................................................................................6

*In re Qiwi plc Sec. Litig.*,
  No. 20CV6054RPKCLP, 2023 WL 7283619 (E.D.N.Y. Nov. 3,
  2023) ...................................................................................................................6

*In re Suprema Specialties, Inc. Sec. Litig.*,
  438 F.3d 256 (3d Cir. 2006) ...............................................................................3

**Statutes**

Securities Act of 1933...................................................................................1, 3

Securities Exchange Act of 1934..............................................................1, 3, 4

**Other Authorities**

Civil Procedure Law of the People's Republic of China

Articles 115, 211, and 219 ..................................................................................7

## 1.    INTRODUCTION

Plaintiffs bring this class action pursuant to: (1) Sections 11, 12(a), and 15 of the Securities Act of 1933 ("Securities Act") for purchasers of American Depositary Shares ("ADSs") of 9F, Inc. ("9F" or the "Company") issued pursuant or traceable to 9F's registration statement for its August 14, 2019 initial public offering; and (2) Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") for purchasers of 9F ADSs between August 14, 2019 and September 29, 2020, inclusive ("Class Period").  9F is an online lending intermediary platform in China. ¶¶2, 21.[1]  In 2015, China implemented regulations that banned companies from: (1) charging borrowers interest or fees that exceeded 36% of the loan principal; and (2) collecting interest or fees directly from borrowers.   ¶¶3-4, 50-57.  As a result, 9F entered an arrangement with Property and Casualty Company Limited ("PICC") that: (1) enabled PICC to charge borrowers a certain amount of insurance premium when borrowers obtained loans on 9F's platform; and (2) provided that the insurance premiums were, in fact, loan facilitation service fees that PICC remitted back to 9F. ¶¶5-13, 58-83, 107-40, 177-79.

---

[1] Unless otherwise indicated, all paragraph ("¶") references are to Plaintiffs' Revised Second Amended Complaint ("Revised SAC") (Doc. 88), all emphasis is added, and all internal quotations and citations are omitted.  To the extent the Court considers Defendants' Joint Motion to Dismiss the Second Amended Complaint (Doc. 51), Plaintiffs incorporate by reference Plaintiffs' Opposition to Defendants' Joint Motion to Dismiss the Second Amended Complaint. Doc. 54.

Although Judge Arleo previously ruled that Plaintiffs' Amended Complaint needed more specificity, Plaintiffs' Revised SAC provides the specificity sought by the Court.  As Judge Arleo recognized, while 9F made "some disclosures," it "never disclosed the amount of the interest or the amount that was sent back to 9F" from PICC.  Doc. 43 at 7.  Judge Arleo also stated that:

> [I]f [plaintiffs] made an argument that . . . it was effectively an end run around the Chinese law by taking a fee and having the insurance company charge a fee in excess of that and then kicking the bulk of it back to . . . 9F, that would be something that would certainly be enough on a pleading stage to probably get by a motion . . . .

*Id*. at 22-23.  The Revised SAC does so.  ¶¶5-13, 58-83, 107-40, 177-79.

Importantly, Defendants previously argued that Plaintiffs "need to allege some law or regulation under Chinese law that says the amount that they are collecting from PICC is illegal . . . ."  Doc. 43 at 23.  Judge Arleo rejected this argument:

> No, no I'm not going to require that . . . . If [plaintiffs] can argue that . . . this was really an end run . . . that would be enough for me.  ***And even though that technically doesn't violate, that may not technically violate the law because the fee was taken out by -- was returned by PICC, it probably would be enough to allege securities fraud, because it would be an omission that should have been included and would be detrimental to the shareholders, because, if the Chinese government found that was an end run around their laws, they would risk not ever being able to collect those fees***.

2

*Id*. at 23-24.  Because Plaintiffs adequately allege claims pursuant to the Securities Act and Exchange Act, the Court should deny Defendants' Joint Motion to Dismiss the Revised Second Amended Class Action Complaint ("Motion").

## I.    PLAINTIFFS ADEQUATELY ALLEGE VIOLATIONS OF THE SECURITIES LAWS

Section 11 of the Securities Act creates liability if "any part of the registration statement, when such part became effective, contained an untrue statement of a material fact or omitted to state a material fact required to be stated therein or necessary to make the statements therein not misleading . . . ." 15 U.S.C. §77k(a). Where, as here, plaintiffs' claims do not sound in fraud, "Section 11 is a virtually absolute liability provision[ ], which do[es] not require plaintiffs to allege that defendants possessed any scienter." *In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 269-74 (3d Cir. 2006).  Thus, "Section 11 places a relatively minimal burden on a plaintiff." *Herman & MacLean v. Huddleston*, 459 U.S. 375, 382 (1983).[2]  Regarding Plaintiffs' Securities Act claims, Judge Arleo stated that "I'm inclined to let the securities claim go forward, at least to that degree, not because they have to plead a fraud.  [Plaintiffs] pled negligence; it's in there, [Plaintiffs] made it clear.  I'm going to let that go forward." Doc. 43 at 19-20.  In addition to

---

[2] Similarly, "[t]o state a prima facie claim under Section 12(a)(2), the plaintiff must allege the purchase of securities pursuant to a materially false or misleading prospectus or oral communication." *Suprema*, 438 F.3d at 269.

adequately pleading falsity in the Revised SAC, Plaintiffs sufficiently plead scienter and loss causation for the Exchange Act claims.  Doc. 88.[3]

> **A.    Plaintiffs Adequately State Claims Under the Securities Act and Exchange Act By Alleging with Specificity – as Judge Arleo Condoned – that 9F Used PICC as a Conduit to Circumvent Chinese Regulatory Bans on Collecting Fees From Borrowers That Exceeded 36% in Fees and Interest**

As noted above, Judge Arleo ruled that if Plaintiffs "made an argument that" 9F's agreement with PICC "was effectively an end run around the Chinese law by taking a fee and having the insurance company charge a fee in excess of that and then kicking the bulk of it back to . . . 9F, that would be something that would certainly be enough on a pleading stage to probably get by a motion . . . ."  Doc. 43 at 22-23.  That is exactly what Plaintiffs allege.  ¶¶5-13, 58-83, 107-40, 177-79.  For instance, Plaintiffs allege that "the cooperation agreement enabled 9F to use PICC as a conduit to continue funneling service fees from borrowers" and that "the insurance premiums set by 9F for borrowers to pay PICC ranged from 50-100% of loan principals, and approximately 95% of the purported insurance premiums were

---

[3] Defendants mischaracterize the Court's rulings by claiming that "Judge Arleo held that the FAC failed to plead scienter and that 'there were [also] issues about standing and loss causation.'"  Motion at 2.  However, Judge Arleo stated that "I'd like to see under the case law a little bit more pleading under scienter before I make the final ruling on scienter."  Doc. 43 at 19.  Thus, Judge Arleo did not make a final ruling regarding scienter as Defendants misleadingly suggest.  Similarly, although Defendants imply that the Court made rulings regarding standing and loss causation, Judge Arleo stated that "I'm not going to address [these] issues."  *Id.* at 24-25.

4

returned by PICC to 9F." ¶60.  As Judge Arleo ruled, such allegations would be sufficient "to allege securities fraud, because it would be an omission that should have been included and would be detrimental to the shareholders, because, if the Chinese government found that was an end run around their laws, they would risk not ever being able to collect those fees."  Doc. 43 at 23-24.

Defendants' arguments to the contrary fail.  First, Defendants' Motion rests upon arguments rejected by Judge Arleo.  Judge Arleo held that allegations that Defendants circumvented Chinese laws – even if the conduct "***may not technically violate the law***" – were sufficient.  Doc. 43 at 23-24.[4]  The law-of-the-case doctrine "prevents reconsideration of legal issues already decided in earlier stages of a case." *Bedrosian v. United States Dep't of Treasury, Internal Revenue Serv.*, 42 F.4th 174, 181 (3d Cir. 2022), *cert. denied sub nom. Bedrosian v. United States*, 143 S. Ct. 2636 (2023).  Defendants' attempt to characterize Judge Arleo's ruling as "dicta" and "incorrect" is meritless (Motion at 6), particularity since Defendants failed to challenge Judge Arleo's ruling on this issue and have not otherwise demonstrated that the Court's ruling was clearly erroneous.

---

[4] *See, e.g.*, Motion at 5 ("Plaintiffs do not—and cannot—plead (i) any fact at the time of the IPO that suggested PICC would later claim the agreement was invalid; (ii) that PICC ever actually claimed its agreement with 9F was invalid because it was illegal or violated Chinese regulations; or (iii) any non-conclusory allegations that the agreement was in fact illegal").

Second, Defendants cite no controlling authority to support their Motion. Instead, Defendants cite cases within the Second Circuit that are plainly distinguishable.[5]  Even within the Second Circuit, moreover, courts have rejected Defendants' assertions.  *See, e.g.*, *In re Hain Celestial Grp., Inc. Sec. Litig.*, 20 F.4th 131, 137 (2d Cir. 2021) (holding that a district court erred in finding that plaintiffs must allege that the alleged underlying "practices themselves were fraudulent or otherwise illegal" to state a claim); *City of Sterling Heights Police & Fire Ret. Sys. v. Reckitt Benckiser Grp. PLC*, 587 F. Supp. 3d 56, 86 (S.D.N.Y. 2022) ("Of course, for a plaintiff to successfully allege a violation of section 10(b) or Rule 10b-5, the underlying misstatements or omissions need not relate to conduct that was criminal or unlawful.").  Thus, Defendants' arguments are unavailing.

> **B.   Although Not Required, Plaintiffs Also Allege That Chinese Courts Have the Discretion to Rule that the Cooperation Agreement between 9F and PICC is Illegal and Therefore Unenforceable**

---

[5] In *Plumber & Steamfitters Loc. 773 Pension Fund v. Danske Bank A/S*, 11 F.4th 90 (2d Cir. 2021), the court held that plaintiffs failed to identify a law or contractual provision that would render the contracts at issue unenforceable.  *Id*. at 99. Although not required, Plaintiffs do so here.  ¶¶10, 87, 88.  Similarly, in *In re Qiwi plc Sec. Litig.*, No. 20CV6054RPKCLP, 2023 WL 7283619 (E.D.N.Y. Nov. 3, 2023) and *In re DraftKings Inc. Sec. Litig.*, 650 F. Supp. 3d 120 (S.D.N.Y. 2023), the courts held that plaintiffs failed to specify how defendants violated alleged provisions, whereas Plaintiffs do so here.  ¶¶5-13, 58-83, 87-88, 107-40, 177-79.

Although not required, Plaintiffs allege even more to support their claims. Specifically, Plaintiffs allege that Chinese courts have the discretion to rule that the cooperation agreement between 9F and PICC is illegal and therefore unenforceable. ¶¶10, 87, 88. Plaintiffs assert that PICC filed suit against a 9F subsidiary "claiming that the second amendment under the Cooperation Agreement is invalid." ¶¶10, 87. Plaintiffs allege further that Chinese courts are authorized to exercise discretion to deem a contract to be unenforceable because it is illegal. ¶88. Chinese law (including, but not limited to, Articles 115, 211, and 219 of Civil Procedure Law of the People's Republic of China) requires that the exercise of the principle of autonomy of the parties must not violate legally prohibited provisions, nor should it harm the public interest or the legitimate interests of other citizens. *Id.* If the original trial judgment violates legally prohibited provisions or infringes upon public interest, the People's Court can also conduct a review. *Id.* Plaintiffs allege, therefore, that Chinese courts have the discretion to rule that the cooperation agreement between 9F and PICC is illegal and therefore unenforceable. *Id.* These allegations further demonstrate that Plaintiffs have adequately pled their claims.

## II.    CONCLUSION

For the foregoing reasons, the Court should deny Defendants' Motion. Alternatively, if the Court grants any portion of the Motion, Plaintiffs respectfully request leave to amend. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410,

7

Case 2:21-cv-00948-MEF-MAH   Document 93   Filed 03/18/24   Page 12 of 12 PageID: 3135

1435 (3d Cir. 1997) ("Ordinarily where a complaint is dismissed on Rule 9(b) failure to plead with particularity grounds alone, leave to amend is granted.").

DATED: March 18, 2024                    Respectfully submitted,

                                         **CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.**

                                         By:   */s/ James E. Cecchi*
                                         James E. Cecchi
                                         Donald A. Ecklund
                                         Kevin Cooper
                                         5 Becker Farm Road
                                         Roseland, New Jersey 07068
                                         Telephone: (973) 994 -1700

                                         *Liaison Counsel for Plaintiffs and the Class*

                                         **GLANCY PRONGAY & MURRAY LLP**
                                         Robert V. Prongay
                                         Ex Kano S. Sams II
                                         Charles H. Linehan
                                         Pavithra Rajesh
                                         1925 Century Park East, Suite 2100
                                         Los Angeles, California 90067
                                         Telephone: (310) 201-9150

                                         *Counsel for Plaintiffs and the Class*

                                         **LAW OFFICES OF HOWARD G. SMITH**
                                         Howard G. Smith
                                         3070 Bristol Pike, Suite 112
                                         Bensalem, PA 19020
                                         Telephone: (215) 638-4847
                                         Facsimile: (215) 638-4867

                                         *Additional Counsel*

8