SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

ONE MANHATTAN WEST

NEW YORK, NY 10001

———

TEL: (212) 735-3000

FAX: (212) 735-2000

www.skadden.com

DIRECT DIAL
(212) 735-7852
DIRECT FAX
(917) 777-7852
EMAIL ADDRESS
SCOTT.MUSOFF@SKADDEN.COM

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
TOKYO
TORONTO

March 18, 2024

**VIA ECF**

Honorable Michael E. Farbiarz
United States District Judge
District of New Jersey
50 Walnut Street, Court Room 3PO
Newark, New Jersey 07102

RE:    *Holland v. 9F Inc., et al.*, 21-948 (MEF) (MAH)

Dear Judge Farbiarz:

On behalf of Defendants, we respectfully write to update the Court that the related state court action has been dismissed with prejudice. *In re 9F Inc. Securities Litigation*, Index No. 654654/2020 (N.Y. Sup. Ct. Mar. 13, 2024) (Dkt. No. 112) (the "State Court Decision"). The state court's decision granting defendants' motion to dismiss is enclosed herewith and further supports dismissal of this Action.

Like this Action, the state court action asserted putative class claims under Sections 11 and 15 of the Securities Act of 1933, alleging 9F's Offering Documents misrepresented PICC's role collecting service fees and the attendant risks. New York Commercial Division Justice Andrew Borrok[1] previously dismissed the state plaintiffs' first amended complaint because, "[s]imply put, the plaintiffs do not allege any contemporaneous facts (e.g., PICC did not make a payment) in August 2019 at the time of the offering, that would suggest that PICC was not going to make the payments that it was obligated to make." (State Court Decision at 1.)

---

[1]    Pursuant to Administrative Orders dated December 30, 2021, and July 19, 2022, all Securities Act cases in the Commercial Division are assigned to Justice Borrok, except where UBS Securities LLC as a party.

Hon. Michael E. Farbiarz
March 18, 2024
Page 2

On March 13, 2024, Justice Borrok dismissed the state plaintiffs' second amended complaint with prejudice because it "suffers from the same infirmities." (*Id.* at 2.) As relevant here, the court held that 9F "properly disclosed that it no longer collected fees and that 9F's business partners 'may not perform as expected.'" (*Id.* at 3.) The court explained that "[i]t does not matter that PICC was not mentioned by name"; rather, "[w]hat matters is that 9F disclosed that others serviced the loans, that 9F stopped charging services fees after April 2019, that 9F accurately disclosed its historical results and that 9F warned that its historical results were not necessarily indicative of future results." (*Id.* at 2-3.) As here, the state plaintiffs alleged no facts showing 9F had any "reason to expect that the money [PICC owed] was not to be collected." (*Id.* at 3.) Accordingly, the state plaintiffs failed to state a claim even under New York's notice pleading standards. *See Feinberg v. Marathon Patent Grp. Inc.*, 193 A.D.3d 568, 570-71 (N.Y. App. Div. 1st Dep't 2021).

The state court's holdings apply equally here. Indeed, Justice Borrok's decisions closely mirror Judge Arleo's reasoning for dismissing Plaintiffs' First Amended Complaint. (*See, e.g.*, ECF No. 43 at 13:13-14:2 (Judge Arleo emphasizing that 9F "disclosed they were taking this fee [from PICC]").) Plaintiffs' "Revised Second Amended Complaint" suffers from many of the same infirmities as their prior complaints and the state court complaints. It also fails for independent reasons, including Plaintiffs' failure to satisfy the heightened pleading requirements for claims sounding in fraud and their failure to allege facts giving rise to the requisite strong inference of scienter.[2]

The Revised Second Amended Complaint is shareholders' ***fifth*** bite at the apple across these two cases. It too should be dismissed with prejudice.

Respectfully submitted,

*/s/ Scott D. Musoff*

Scott D. Musoff

---

[2]   This Action also raises other meritless theories not alleged in the state court action. For example, Plaintiffs claim the Offering Documents failed to disclose that PICC could unilaterally declare its contract with 9F unenforceable because—while admittedly not illegal—it was supposedly an end run around Chinese regulations. The state court plaintiffs did not even bother raising this theory, which fails for numerous reasons, including because Plaintiffs cannot allege that PICC ever made such a claim or any facts establishing that such a claim would have been valid (i.e., that the contract is in fact unenforceable). (*See* ECF No. 91-1 (Motion to Dismiss Revised SAC).)

Case 2:21-cv-00948-MEF-MAH   Document 94   Filed 03/18/24   Page 3 of 6 PageID: 3138

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 53

---------------------------------------------------------------------------X

IN RE 9F INC. SECURITIES LITIGATION

Plaintiff,

- v -

XXX,

Defendant.

---------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 654654/2020 |
| **MOTION DATE** | 05/16/2023 |
| **MOTION SEQ. NO.** | 002 |

**DECISION + ORDER ON MOTION**

HON. ANDREW BORROK:

The following e-filed documents, listed by NYSCEF document number (Motion 002) 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 111

were read on this motion to/for                                    DISMISS                                    .

Upon the foregoing documents and for the reasons stated on the record (*tr.* 3.12.24), the

Defendants' motion to dismiss is granted and the case is dismissed with prejudice.

Reference is made to a prior Decision and Order of this Court, dated March 6, 2023 (NYSCEF

Doc. No. 58; the **Prior Decision**).  In the Prior Decision, the Court held:

> The Plaintiffs' case must be dismissed because it is predicated on the theory that the offering documents were materially misleading because they failed to disclose that PICC would ultimately not pay the amounts allegedly owed to 9F.  This claim fails because there was no actionable omission at time of the offering based on the company's lack of clairvoyance (*Camelot Event Driven Fund v Morgan Stanley & Co. LLC*, 77 Misc3d 1232[A] [Sup Ct, NY County 2023]; *Donlon v NIO Inc.*, 211 AD3d 464, 466 [1st Dept 2022]).  Whether offering documents are misleading must be viewed from the time the statements are made and not retroactively in hindsight (*Matter of Netshoes Sec. Litig.*, 64 Misc3d 926, 933 [Sup Ct, NY County 2019]; *In re Express Scripts Holdings Co. Sec. Litig.*, 773 FedAppx 9, 12 [2d Cir 2019]).

> Simply put, the plaintiffs do not allege any contemporaneous facts (*e.g.*, PICC did not make a payment) in August 2019 at the time of the offering, that would suggest that PICC was not going to make the payments that it was obligated to make.  At this time,

**654654/2020   9F INC. SECURITIES vs. X**
**Motion No.  002**

**Page 1 of 4**

Case 2:21-cv-00948-MEF-MAH   Document 94   Filed 03/18/24   Page 4 of 6 PageID: 3139

the Plaintiffs allege only that 9F had a sizeable and growing account receivable – nothing more.  The Plaintiffs do not allege that there was an accounting violation *for failure to take a doubtful account allowance with respect to any portion of this account receivable or any fact giving rise to concern that PICC would not meet its obligations.*  Indeed, it was not until November 2019 that PICC failed to make payments – some three months after the offering.  It was not until December 2019 that 9F froze its business with PICC.  Lastly, the subsequent statements made by 9F that 9F's business would be affected relate to the quarter *after* the offering closed.

In their opposition papers, the Plaintiffs assert two new theories not reflected in the complaint.  The first theory is that the offering documents were materially misleading because the offering documents did not identify PICC who was obligated to insurance payments under the short term loans as servicing the loans (*i.e.*, making collection).  The second theory is that the offering documents were materially misleading because the offering documents do not disclose that 9F did not spread around servicing the loans to different partners and instead had only PICC (who guaranteed payment of the loans) collect payments due.  Neither theory is properly reflected in the complaint and as such the complaint must be dismissed.

(NYSCEF Doc. No. 58 [emphasis added]).

As discussed (*tr.* 3.12.24), the Plaintiffs' Second Amended Complaint (NYSCEF Doc. No. 60; the **SAC**) suffers from the same infirmities.  As to the now alleged accounting concern, it simply does not matter whether 9F should have labelled the money due 9F as "contract assets" or accounts receivable because the disclosure conveyed the same information – *i.e.*, that at the time that the offering documents became effective, this was money due 9F and 9F had no reason to expect that the money was not to be collected. As the Court previously held, clairvoyance is not required (*Donlon v NIO Inc.*, 211 AD3d 464, 466 [1st Dept 2022]).  The offering documents do not indicate that 9F continued to service the loans themselves.  They do not say that.  As discussed, this is the actually the opposite of what the offering documents provide. It does not matter that PICC was not mentioned by name or whether "institutional funding partners" include PICC.  What matters is that 9F disclosed that others serviced the loans, that 9F stopped charging

654654/2020   9F INC. SECURITIES vs. X
Motion No.  002

Page 2 of 4

2 of 4

services fees after April 2019, that 9F accurately disclosed its historical results and that 9F warned that its historical results were not necessarily indicative of future results (NYSCEF Doc. No. 67, at 10, 20, 26, 35, 115). *See Boca Raton Firefighters and Police Pension Fund v Bahash*, 506 Fed Appx 32, 39 (2d Cir 2012) ("[i]t is clear that a violation of federal securities law cannot be premised upon a company's disclosure of accurate historical data"). Thus, nothing alleged by the Plaintiffs known at the time would have affected the "total mix of information" available to investors (*Rombach v. Chang,* 355 F3d 164, 172 n 7 [2d Cir 2004]; *Rubenstein v. Credit Suisse Group AG,* 457 FSupp3d 289, 295 [SDNY 2020]; *In re ProShares Trust Secs. Litig.,* 728 F3d 96, 102 [2d Cir 2013]). Lastly, the Court notes that the Plaintiffs are simply not correct that the risk warning statement (NYSCEF Doc. No. 67, at 38) was more than a disclosure that 9F's profitability could be adversely affected by lower fees. It did not otherwise undermine the statements set forth in the offering documents. As discussed above, and significantly, 9F properly disclosed that it no longer collected fees and that 9F's business partners "may not perform as expected" (*id*., at 43).

The claims against the Underwriters fail for the same reasons and are also dismissed.

It is hereby ORDERED that the motion to dismiss is granted with prejudice.

20240313153158AD0RR0KC49E1A457084A8E9A474CC1EE93BD97A

| | | |
|---|---|---|
| **3/13/2024** | | **ANDREW BORROK, J.S.C.** |
| **DATE** | | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|
| | X | GRANTED | ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER | |
| APPLICATION: | ☐ | SETTLE ORDER | | ☐ SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | ☐ | INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE | |

**654654/2020  9F INC. SECURITIES vs. X**                                                    **Page 3 of 4**
**Motion No.  002**

Case 2:21-cv-00948-MEF-MAH Document 94 Filed 03/18/24 Page 6 of 6 PageID: 3141

654654/2020 9F INC. SECURITIES vs. X Page 4 of 4
Motion No. 002

4 of 4