# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CRAIG J. HOLLAND, Individually and on  
Behalf of All Others Similarly Situated,  

              Plaintiffs,  

v.  

9F INC., LEI SUN, YANJUN LIN, YIFAN  
REN, CHANGXING XIAO, FLYNN XUXIAN  
HUANG, IVAN XU, JUNSHENG ZHANG,  
WING HON CHEUNG, FANGXIONG GONG,  
DAVID CUI, LEI LIU, SIU FUNG MING,  
CREDIT SUISSE SECURITIES (USA) LLC,  
HAITONG INTERNATIONAL SECURITIES  
COMPANY LIMITED, CLSA LIMITED,  
CHINA INVESTMENT SECURITIES  
INTERNATIONAL BROKERAGE LIMITED,  
9F PRIMASIA SECURITIES LIMITED, and  
COGENCY GLOBAL INC.,  

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

: 21-cv-948 (MEF) (MAH)

: **ECF Case**
: **Electronically Filed**

: Motion Date: April 1, 2024

: **ORAL ARGUMENT**
: **REQUESTED**

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' JOINT MOTION TO DISMISS THE REVISED SECOND AMENDED CLASS ACTION COMPLAINT

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ............................................................................ ii

PRELIMINARY STATEMENT ......................................................................1

THE REVISED SAC'S NEW ALLEGATIONS DO NOT CURE  ANY OF
PLAINTIFFS' PRIOR PLEADING DEFICIENCIES.............................................1

CONCLUSION .............................................................................................3

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Bedrosian v. United States Department of Treasury, Internal Revenue Service*, 42 F.4th 174 (3d Cir. 2022), *cert. denied sub nom.* Bedrosian v. United States, 143 S. Ct. 2636 (2023) ......................................................2

*City of Sterling Heights Police & Fire Retirement System v. Reckitt Benckiser Group PLC*,
587 F. Supp. 3d 56 (S.D.N.Y. 2022) ..............................................................3

*Gamm v. Sanderson Farms, Inc.*,
944 F.3d 455 (2d Cir. 2019) ...........................................................................3

*Home Depot USA, Inc. v. Lafarge North America, Inc.*,
59 F.4th 55 (3d Cir. 2023)...............................................................................2

*In re Hain Celestial Group, Inc. Securities Litigation*,
20 F.4th 131 (2d Cir. 2021)..............................................................................3

*Merritt v. Molecular Partners AG*,
No. 22-cv-5925 (AS), 2024 WL 495140 (S.D.N.Y. Feb. 5, 2024)................3

*U.S. ex rel. Customs Fraud Investigations, LLC v. Victaulic Co*,
839 F.3d 242 (3d Cir. 2016).............................................................................3

## PRELIMINARY STATEMENT

The Opposition (ECF No. 93 ("Opp.")) confirms that Plaintiffs have no basis to allege any facts supporting the existence of allegedly undisclosed "incremental *counter-party risk* associated with the possibility that *PICC* might one day claim its agreement with 9F was not enforceable." (ECF No. 81.) Indeed, Plaintiffs have provided no basis for the Court to assume (or Plaintiffs to allege) that 9F's contract with PICC was either illegal and unenforceable under Chinese law or even an end run around the same. (*Id.*) Instead, Plaintiffs rely exclusively on Judge Arleo's comments made during the motion to dismiss hearing and three Chinese Articles of Civil Procedure Law to assert that Plaintiffs are not required to plead that the PICC and 9F agreement was illegal and that Chinese courts may, in limited circumstances, *sua sponte* deem parties' agreements illegal. Because Plaintiffs have yet again failed to state a claim, this action should be dismissed—this time with prejudice.

## THE REVISED SAC'S NEW ALLEGATIONS DO NOT CURE ANY OF PLAINTIFFS' PRIOR PLEADING DEFICIENCIES

Plaintiffs' inability to allege that 9F violated Chinese law through its agreement with PICC is fatal to their claims. Neither Judge Arleo's comments nor the Articles of Civil Procedure save Plaintiffs' pleading deficiencies. Moreover, Plaintiffs' cited cases underscore that the underlying conduct serving as the basis for alleged securities fraud—particularly where such conduct is alleged to be illegal—must be pled with particularity. (*See* Opp. at 6.)

First, the hearing language Plaintiffs repeatedly cite is not the law of the case (*see* Opp. at 5), which "affects only issues that were 'expressly' or 'necessarily' resolved' by prior decisions in the same case." *Home Depot USA, Inc. v. Lafarge N. Am., Inc.*, 59 F.4th 55, 61 (3d Cir. 2023); *see also U.S. ex rel. Customs Fraud Investigations, LLC v. Victaulic Co.*, 839 F.3d 242, 250 (3d Cir. 2016) (judges "make statements and ask questions during hearings that may not be a clear indication of the court's views or how a case will eventually be decided").[1]  Critically, Judge Arleo's comments were considerations for what might suffice if Plaintiffs had made different allegations.  (*See* ECF No. 43 at 22-23 (describing hypothetical allegations that could "***probably*** get by a motion").)  Not only is a duty to disclose a purported "end run" around regulations contrary to well-settled law (*see* ECF No. 91-1 at 4), but the issue was not previously briefed, and Plaintiffs have yet to provide any authority supporting such duty.

Second, the civil procedure rules say nothing about whether or when a Chinese court could *sua sponte* deem a ***contract*** illegal, and instead assert only that "[i]f the original ***trial judgment*** violates legally prohibited provisions. . . the People's Court can also conduct a review."  (Opp. at 7.)  But neither PICC, any

---

[1]  Plaintiffs' cited case is not to the contrary.  *See Bedrosian v. U.S. Dep't of Treasury, Internal Revenue Serv.*, 42 F.4th 174, 181 (3d Cir. 2022) (declining appellant's invitation to reconsider the test for willfulness outlined in court's prior ***written decision***), *cert. denied sub nom.*, 143 S. Ct. 2636 (2023).

2

Chinese regulatory authority, nor any Chinese court has deemed the contract illegal, and Plaintiffs can only go so far as to allege that PICC claimed the agreement was "*invalid*." (*See* Opp. at 7.) Not only can an agreement be challenged as "invalid" for reasons other than its purported illegality, but even more critically, the dispute with PICC did not arise until several months *after* the August 2019 IPO. *See Merritt v. Molecular Partners AG*, No. 22-cv-5925 (AS), 2024 WL 495140, at *6 (S.D.N.Y. Feb. 5, 2024) ("complaint fails to plausibly allege that the Amgen agreement was in fact in jeopardy at the time the registration statement became effective" and "that the agreement was terminated *because*" a competitor's trials were further along).

Finally, Plaintiffs likewise do not cite any Third Circuit authority (*see* Opp. at 6) and instead cite two Second Circuit cases, neither of which challenges whether the underlying conduct complained of was pled with the requisite particularity.[2] The Second Circuit has repeatedly affirmed that where, as here, "the nondisclosure of an illegal act is the *basis* of a 10(b) complaint, the illegal act must be alleged with particularity." *Gamm v. Sanderson Farms, Inc.*, 944 F.3d 455, 463 (2d Cir. 2019).

## **CONCLUSION**

The Revised SAC should be dismissed in its entirety with prejudice.

---

[2]   *See In re Hain Celestial Grp., Inc. Sec. Litig.*, 20 F.4th 131, 136 (2d Cir. 2021) (underlying conduct improper channel stuffing); *City of Sterling Heights Police & Fire Ret. Sys. v. Reckitt Benckiser Grp. PLC*, 587 F. Supp. 3d 56, 86-87 (S.D.N.Y. 2022) (underlying conduct misleading marketing campaign).

3

Dated:  March 25, 2024

Respectfully submitted,

SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP

 /s/ Scott D. Musoff
Scott D. Musoff
(scott.musoff@skadden.com)
Robert A. Fumerton (*pro hac vice*)
(robert.fumerton@skadden.com)
Michael C. Griffin (*pro hac vice*)
(michael.griffin@skadden.com)
One Manhattan West
New York, NY 10001
Telephone:      (212) 735-3000
Facsimile:      (212) 735-2000

*Attorneys for Defendants 9F Inc.,*
*9F Primasia Securities Limited*
*Cogency Global Inc., Lei Sun, Yanjun Lin,*
*Yifan Ren, Changxing Xiao, Flynn Xuxian*
*Huang, Ivan Xu, Fangxiong Gong, Daivd*
*Cui, Lei Liu and Siu Fung Ming*

DUGHI, HEWIT & DOMALEWSKI, P.C.

/s/ Craig A. Domalewski
Craig A. Domalewski
(cdomalewski@dughihewit.com)
Scott A. Hall
(shall@dughihewit.com)
340 North Avenue
Cranford, New Jersey 07016
Telephone:      (908) 272-0200
Facsimile:      (908) 272-0909

4

CAHILL GORDON & REINDEL LLP
David G. Januszewski (*pro hac vice*)
(djanuszewski@cahill.com)
Sheila C. Ramesh (*pro hac vice*)
(sramesh@cahill.com)
32 Old Slip
New York, NY 10005
Telephone:     (212) 701-3000
Facsimile:     (212) 269-5420

*Attorneys for Defendant Credit Suisse
Securities (USA) LLC, China Investment
Securities International Brokerage
Limited and Haitong International
Securities Company Limited*

5

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this Reply Memorandum of Law was filed electronically through the United States District Court for the District of New Jersey through the Court's ECF System on this date.  The Notice of Electronic Filing constitutes service on all parties under Rule 14(b)(1) of this Court's ECF Policies and Procedures listed in Local Civil Rule 5.2.

Dated: March 25, 2024

/s/ Scott D. Musoff
Scott D. Musoff

6