**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CRAIG J. HOLLAND, Individually and on behalf of all others similarly situated,<br><br>   *Plaintiff*,<br><br> v.<br><br>9F INC. et al.,<br><br>   *Defendants*. | No. 2:21-cv-00948 (MEF)(MAH)<br><br>**OPINION AND ORDER** |

\*   \*   \*

For the purpose of this brief Opinion and Order, the Court largely assumes familiarity with the allegations and procedural history of this case.

\*   \*   \*

The Defendants argue that the Plaintiff's claims under Section 11 of the Securities Act of 1933 are "barred by the . . . Act's statute of repose," because the only named plaintiff who currently presses Section 11 claims[1] was added in that capacity via the Second Amended Complaint, which was filed "after the repose period expired."[2]  See Memorandum of Law in Support of Defendants' Joint Motion to Dismiss the Third Amended Class Action Complaint ("Defendants' Brief") (ECF 128-1) at 5-10 (emphasis omitted).

The relevant statute of repose only bars "action[s]" that are "brought" after the repose period has lapsed.  15 U.S.C. § 77m.

And this tees up the question: did the filing of the Second Amended Complaint count as the "br[inging]" of an "action"?

---

[1]  Delanta L. Harrison.

[2]  Neither party has raised any arguments as to the statute of limitations.

\*   \*   \*

To see the issue, look to Southeastern Pennsylvania Transportation Authority v. Orrstown Financial Services Inc., 12 F.4th 337, 350 (3d Cir. 2021) ("SEPTA").

In SEPTA, the question was whether a plaintiff could file an amended complaint reasserting previously-dismissed claims against a defendant after the expiration of the repose period. See 12 F.4th at 341, 343.

To work this through, the court of appeals needed to wrestle with whether the new amended complaint should be treated as an "action" that was being "brought" within the meaning of the repose part of the statute. See id. at 343-44, 347-48, 350-51.

If yes, the amended complaint would be barred, unless it could relate back to a timely complaint under Rule 15.

If no, the implication was, the amended complaint could go forward.

To answer the was-it-an-"action" question,[3] the court of appeals looked mainly to: (1) the text of the '33 Act, see id. at 347; see also Cal. Pub. Emps. Ret. Sys. v. ANZ Sec., Inc., 582 U.S. 497, 514 (2017) (citing Black's Law Dictionary 41 (3d ed. 1933)); (2) Federal Rule of Civil Procedure 54(b), which sheds lights on when an "action" ends, see SEPTA, 12 F.4th at 347-48; and (3) cases that had considered the relationship between actions, complaints, and time-bars. See id. at 348.

Of these, Rule 54(b) principles seemed to loom largest.

Reasoning from Rule 54(b), the SEPTA court suggested that a court order dismissing a complaint only in part left the "action" as a whole intact. See id. at 347-48, 349, 351. Accordingly, the filing of another complaint, after a not-across-the-board dismissal, did not count as bringing a new action for repose purposes. See id. at 347-48.

---

[3] In SEPTA, the second part of the analysis (as to relation back) may have been more sharply delineated than the first part of the analysis (as to whether there was, indeed, a newly-"brought" action). But while the two issues are distinct, see Cal. Pub. Employees' Ret. Sys. v. ANZ Sec., Inc., 582 U.S. 497, 515 (2017) (treating them that way), they are also closely intertwined, see SEPTA, 12 F.4th at 343-44, 347-51 --- and the Court takes SEPTA as addressing each of the two issues.

2

\*   \*   \*

Turning to the case at hand, the parties here appear to agree that the statute of repose's clock started running in August 2019, with the relevant IPO. See Defendants' Brief at 5-10; Plaintiff's Opposition to Defendants' Joint Motion to Dismiss Plaintiffs' Third Amended Class Action Complaint (ECF 129) at 11-15. Therefore, they seem to agree that the repose period ended three years later. See id.

As of that time, in August 2022, a motion to dismiss the Plaintiffs' then-pending first amended complaint was pending before Judge Arleo.[4] See Notice of Defendants' Joint Motion to Dismiss the Amended Class Action Complaint (ECF 30).

And on November 29, 2022, Judge Arleo granted the motion. See Order (ECF 42).

Out of the gate, it might seem that under the Rule 54-focused logic of SEPTA, Judge Arleo's November 2022 dismissal ended the action --- such that any amended complaint filed after that point (like the amended complaint that added Harrison) would count as a new "action" being "brought." 15 U.S.C. § 77m.

After all, Judge Arleo's November 2022 order dismissed all of the plaintiff's claims against all of the parties. See Order (ECF 42).

And if an order deciding "fewer than all the claims . . . of fewer than all the parties does not end the action," Fed. R. Civ. Pro. 54(b), then the implication would seem to be that a dismissal of "all the claims . . . of . . . all the parties," like Judge Arleo's November 2022 dismissal, "does . . . end the action." Id. (emphasis added).

But are things that simple?

In SEPTA, the court of appeals cited to Brennan v. Kulick, 407 F.3d 603 (3d Cir. 2005), and noted that the court in that case distinguished between "final" and "conditional" orders. SEPTA, 12 F.4th at 348 & n.8 (cleaned up).

Per Brennan, it is only the former that seems to an end an action, and not the latter. See 407 F.3d at 606-07.

---

[4] Judge Arleo handled this case from inception until May 24, 2023, when it was reassigned to the undersigned. See Text Order Reassignment Case (ECF 58).

3

This frames the question: under the logic of Brennan and Rule 54, did Judge Arleo's November 2022 order end the action, or was her order "conditional"?[5]

How this question is answered seems to generate a fork in the road.

In one direction: if the November 2022 order is not taken as having ended the action, then a later pleading (here, the one that added Harrison) would arguably be just fine --- a part of the larger case that was brought, as it needed to be, before the repose period ran out.[6]

In the opposite direction: if the November 2022 order is taken as having ended the action, then a later pleading (here, the one that added Harrison) would seem to come after the expiration of

---

[5] The parties have not addressed this question. And it may not be an easy one. In form, the November 2022 order marked the end of the road. As noted, all claims were dismissed as to all parties. But understood in context, the November 2022 order may look more like a waystation --- with more of the case still expected to come. After all, Judge Arleo's order not only granted the Plaintiffs leave to amend, but also anticipated that they would do so. See Order (ECF 42). (ordering that the "Plaintiffs shall replead by February 1, 2023" and that "after a second amended complaint is filed, the parties shall submit a briefing schedule for a renewed motion to dismiss"); see also Transcript of Hearing on Motion (ECF 43) at 24:24-25:2 ("I want to let them address everything that you've raised in your motion when they replead their second amended complaint.") (emphasis added).

[6] But note that even if Judge Arleo's order did not end the action, several questions could still arise that could call into question the viability of Section 11 claims here. For example, does the logic set out in the text hold up when the later pleading does not just add greater specificity, but rather a new plaintiff? See SEPTA, 12 F.4th at 350. And does it matter if the new plaintiff was a member of the putative class? Statutes of repose, per the Supreme Court, are in part intended to allow defendants to predict (and price) with some "certainty" the kind of liability they will face. See Cal. Pub. Emps. Ret. Sys., 582 U.S. at 515. Are those concerns fully implicated when, in an amended pleading, a person who was already likely part of a putative class is now put forward as a named plaintiff? And what of some of the other concerns the Supreme Court raised in the cited case? See id. at 511-12.

the repose period --- barred, but for possible application of Rule 15's relation-back doctrine.

And the ability of Rule 15 to "permit[] amendment outside an otherwise applicable statute of repose," SEPTA, 12 F.4th at 345, when that amendment would add a new party, is an open question in the Third Circuit --- and, per the court of appeals, a "tough[]" one. See id. at 350.

\*   \*   \*

The issues raised here are potentially difficult, and how they are resolved could potentially make an important, bottom-line difference in this case. Thinking the issues through will require meaningful additional legal briefing.[7]

But before directing the parties to invest more time, the Court's view is that it would be beneficial to refer the parties to the United States Magistrate Judge, with an eye to determining whether it may be possible to resolve this matter without further litigation.

Accordingly, the Court will administratively terminate the motion at ECF 128. The United States Magistrate Judge will issue an order at an appropriate time, as determined by him, as to next steps --- a briefing schedule as to the Section 11 issues alluded to here, reinstatement of the ECF 128 motion in its current form, or something else.

IT IS on this 10th day of November, 2025, so **ORDERED**.

_____
Michael E. Farbiarz, U.S.D.J.

---

[7] The parties' briefing throughout this case has been strong. But on the particular issues here, the briefing is spare. The closest case cited by the parties is De Vito v. Liquid Holdings Group, Inc., 2018 WL 6891832 (D.N.J. Dec. 31, 2018). But De Vito pre-dates SEPTA. And it appears to focus less on the question that seems to come first in the analysis (was the relevant pleading a newly "brought" action?) and more on the next question (if it was, does it relate back?).